UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OOTA DABUN ANGENI**,<br><br>   Plaintiff,<br><br>   v.<br><br>**U.S. DEPARTMENT OF COMMERCE, et al.**,<br><br>   Defendants. | Case No. 24-cv-02006 (CRC) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Oota Dabun Angeni claims that the United States Census Bureau violated the Alien Tort Statute and the Constitution when the Bureau misclassified her as "Black" rather than "American Aborigine." She sued the Department of Commerce, the Census Bureau, Secretary of Commerce Gina Raimondo, and the United States. She seeks damages of $10,000,000 per year and an order directing the Bureau to correct its records. The Court will dismiss the case *sua sponte* for lack of jurisdiction because Defendants are immune to Angeni's damages claims and Angeni lacks standing for equitable relief.

**I.   Legal Standards**

   A. Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The plaintiff must prove that the United States has waived its sovereign immunity. See Tavoulareas v. Comnas, 720 F.2d 192, 195 (D.C. Cir. 1983) ("Plaintiffs bear the burden of establishing jurisdiction . . . and it must appear on the face of the complaint[.]").

B. Standing

Plaintiffs also "must demonstrate standing for each claim that they press and for each form of relief that they seek." TransUnion LLC v. Ramirez, 594 U.S. 413, 431 (2021). They must "demonstrate a concrete and particularized injury caused by the defendant and redressable by the court[.]" Id. at 423. The Court must take the complaint's factual allegations as true and may consider materials outside the pleadings when assessing jurisdiction. Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II. Analysis

The Court lacks jurisdiction over Angeni's damages and equitable claims.

A. Damages claims

Defendants are immune to Angeni's damages claims. Angeni asserts her damages claims against Defendants under the Alien Tort Statute, 28 U.S.C. § 1350. See Am. Compl. at 2. But the Alien Tort Statute is not a waiver of sovereign immunity. Yirenkyi v. CIA, 656 F. Supp. 3d 241, 247 (D.D.C. 2023); see El-Shifa Pharm. Indus. Co. v. United States, 607 F.3d 836, 858 (D.C. Cir. 2010) (en banc) (Kavanaugh, J., concurring) ("The Alien Tort Statute has never been held to cover suits against the United States or United States Government officials; the statute furnishes no waiver of sovereign immunity."). It therefore cannot be used to sue the United States for damages. Angeni does not identify any other waiver of federal sovereign immunity, and the Court dismisses her damages claims for lack of jurisdiction. See NetworkIP, LLC v. FCC, 548 F.3d 116, 120 (D.C. Cir. 2008) ("[C]ourts may raise [subject matter jurisdiction] *sua sponte*." (quotation marks omitted)); Fed. R. Civ. P. 12(h)(3).

B.  Equitable claims

The United States has waived its sovereign immunity as to equitable claims.  See 5 U.S.C. § 702; Trudeau v. FTC, 456 F.3d 178, 185–87 (D.C. Cir. 2006).  Nevertheless, the Court lacks jurisdiction over Angeni's equitable claims because Angeni has not alleged that she suffered a concrete harm necessary for standing.

In TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), the plaintiffs alleged that a credit reporting agency had mistakenly classified them as potential terrorists.  Id. at 419–20.  The Court held that the plaintiffs had not suffered a concrete harm because they failed to demonstrate that the erroneous information was shared with anyone else.  Id. at 439.  Importantly, merely being misclassified was not itself a concrete injury.  Id. at 434.  Similarly, the D.C. Circuit has held that truck drivers lacked standing to sue over inaccurate information about them stored in a Department of Transportation database unless that information had been shared with third parties.  Owner-Operator Indep. Drivers Ass'n, Inc. v. Dep't of Transp., 879 F.3d 339, 340 (D.C. Cir. 2018).  As the Circuit put it, "if inaccurate information falls into a government database, does it make a sound?"  Id. at 344.

Here, Angeni has not alleged that the Census Bureau shared erroneous information about her with third parties.  Indeed, it is unlikely that the Bureau did so given federal law's extensive privacy protections that prohibit sharing individuals' information obtained through the Census.  See, e.g., 13 U.S.C. § 8(b) (prohibiting the Secretary of Commerce from "disclos[ing] the information reported by, or on behalf of, any particular respondent"); id. § 9(a)(2) (prohibiting "mak[ing] any publication whereby the data furnished by any particular establishment or individual under this title can be identified"); see also Baldridge v. Shapiro, 455 U.S. 345, 361

3

(1982) ("§ 8(b) and § 9(a) of the Census Act embody explicit congressional intent to preclude *all* disclosure of raw census data reported by or on behalf of individuals." (emphasis in original)).

Without alleging that the Census Bureau shared her information or that any other concrete harm followed from the Census Bureau's misclassification of her, Angeni has failed to establish standing. The Court therefore dismisses her equitable claims.

### III. Conclusion

For these reasons, the Court dismisses this case for lack of jurisdiction. A separate Order follows.[1]

CHRISTOPHER R. COOPER
United States District Judge

Date: October 25, 2024

---

[1] The Court notes that it is unclear whether Angeni properly served Defendants. See Fed. R. Civ. P. 4. Because the Court disposes of this case on jurisdictional grounds, it expresses no view as to any potential service defects.